## WATERBURY SAVINGS BANK
*vs.*
## CORNELIUS J. DANAHER, COMMISSIONER

## FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MERIDEN
*vs.*
## CORNELIUS J. DANAHER, COMMISSIONER

Superior Court        Hartford County        File Nos. 60535, 60874

MEMORANDUM FILED DECEMBER 28, 1939.

*William W. Gager,* of Waterbury, and *Harry R. Cooper,* of Meriden, for the Appellants.

*Francis A. Pallotti,* Attorney General, and *Harry Silverstone,* Assistant Attorney General, for the Appellee.

BOOTH, J. The above entitled cases are appeals from the determination by the administrator of the Unemployment Compensation Division of the Department of Labor and Factory Inspection of the State of Connecticut that there is due from the Waterbury Savings Bank by way of contribution under the Connecticut Unemployment Compensation Act (chapter 280a of the 1937 Supplement to the General Statutes) the amount of $8,257.20, for the periods of November and December, 1937, the first, second, third and fourth quarters of 1938, and the first quarter of 1939, and that there is similarly due from the First Federal Savings and Loan Association of Meriden for the periods of March to December, 1937, the first, second, third and fourth quarters of 1938, and the first quarter of 1939, the amount of $319.09. The claim for interest originally urged against both appellants has been withdrawn and therefore needs no further mention in this memorandum.

The appellant, the Waterbury Savings Bank, is a Connecticut corporation subject to the supervision of the Banking Department of the state and has been for a number of years conducting the business of a mutual savings bank, as defined by law. As such it came under the operation of the Connecticut Unemployment Compensation Act (chapter 280a of the 1937 Supplement to the General Statutes) and, so far as appears, complied with all its obligations thereunder until November 1, 1937. Prior to this date application had been made by it to the Federal Home Loan Bank of Boston for membership and all necessary steps were completed so that on this date it had acquired the status of a member of the Federal Home Loan Banking System. It thereupon notified the appropriate state agency that it was no longer subject to the provisions of the Connecti-

cut Unemployment Compensation Act by reason of a claimed exemption as an instrumentality of the United States by virtue of section 803d (a) (5), of the chapter cited above. This claim was apparently acceded to by the appellee and, indeed, the testimony would indicate such action on its part as to amount to a determination of status in accordance with the claim. However, in view of the conclusion hereinafter set forth, it is not necessary to pursue the effect of such a ruling upon the right of the appellee to reverse itself. Thereafter on May 4, 1939, the appellee reversed its position and notified the appellant that contributions under the provisions of the act were due for the entire period covered by the former exemption.

The appellant, the First Federal Savings and Loan Association of Meriden was organized on February 24, 1936, under the Federal Home Owners' Loan Act of 1933 as amended in 1934 and 1935, and by virtue of this incorporation became a member of the Federal Home Loan Bank of Boston and has ever since complied with its rules and regulations. At no time since its incorporation until May 4, 1939, has this appellant been claimed to be subject to the aforesaid Connecticut Unemployment Compensation Act. It was originally given an exempt status rating by the appellee which was, as in the case of the Waterbury Savings Bank, reversed when the present claim was made for contributions covering the exempt period.

Both appeals depend upon a construction of this language contained in the section and subsection above noted of the Connecticut Unemployment Compensation Act that "no provision of this chapter....shall apply to any of the following types of service or employment....(5) service performed in the employ of the United States government, this state, any other state, any town or city, or any political subdivision or instrumentality of any of them." It is the claim of the appellants that they are instrumentalities of the United States Government, and of the appellee that they are not. The question is primarily one of legislative intent embodied in the language used. The appellants are certainly instrumentalities of the Federal Government, if the term is given a broad constructon. They might well not be if a more limited view were taken of its scope.

Evidence was introduced indicating that this legislation was framed upon the intent to conform it to certain features of the Federal Social Security Act and it has been judicially noticed in *Duys & Co., Inc. vs. Tone,* 125 Conn. 300, that the committee

of the Legislature which originated the bill had before it not only the Federal act but the departmental rulings construing the same. These certainly tended to give the broadest construction to the exemption before referred to. Thereafter this view was confirmed by express rulings of the Treasury Department of the Federal Government that banks and building and loan companies, such as the appellants, were within the purview of the exempting language. In addition to these considerations, the appellee's original classification of both appellants and all others similarly situated is a practical construction of the statute entitled to greatest weight, although perhaps not controlling. The court has carefully considered the opinions of the courts in other jurisdictions construing similar statutes and has given such weight as seems appropriate to the reasoning by which a contrary conclusion has been reached than that expressed in this memorandum. It may well be, however, that the same language has been used by different legislatures to express divergent concepts, and it is felt that whatever the situation may be elsewhere the Legislature of Connecticut intended to accord to the exemption in this statute the broad meaning given it by the Federal authorities. Thus applying it, the original ruling of the appellee that both appellants were exempt as instrumentalities of the United States Government appears to be correct and a reversal of this position is, therefore, unjustified and erroneous.

For these reasons both appellants are adjudged to be exempt from the provisions of the act so long as their status remains unchanged, and their appeals from the determination by the administrator of the Unemployment Compensation Division of the Department of Labor and Factory Inspection of the State of Connecticut are hereby sustained.